UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SICHENZIA ROSS FERENCE LLP as successor to:
SICHENZIA ROSS FERENCE KESNER LLP,            :          Civil Action No.
                                                                         :
                              Plaintiff,                         :          **COMPLAINT**
                                                                         :
          - against -                                              :
                                                                         :
DIGITAL POWER CORPORATION,                         :
DPW HOLDINGS, INC., and SUPER CRYPTO       :
MINING, INC. (a/k/a DIGITAL FARMS, INC.),        :
                                                                         :
                              Defendants               :
-------------------------------------------------------------x

    Plaintiff Sichenzia Ross Ference LLP, as successor to Sichenzia Ross Ference Kesner

LLP ("SRF"), as and for its Complaint against Digital Power Corporation ("Digital Power"),

DPW Holdings, Inc. ("DPW"), Super Crypto Mining Inc. (now known as Digital Farms, Inc.)

("Super Crypto") (collectively referred to as "Defendants"), alleges as follows:

## SUMMARY OF ACTION

    1.        This breach of contract action arises from Defendants' failure to pay SRF its

attorneys' fees due and owing, incurred for SRF's legal representation of Defendants between on

or about April 12, 2017, through on or about November 30, 2019.  SRF fully performed and

satisfied all work requested by Defendants to adequately represent Defendants' interests.

    2.        SRF regularly invoiced Defendants for its legal services.

    3.        During the more than two (2) years of its representation of Defendants, SRF

invoiced Defendants $4,471,918.15.  Defendants accepted those invoices without objection, and

made partial payments totaling $1,913,796.15 towards same.

    4.        Defendants now have failed to remit the balance of payment sufficient to satisfy

all of SRF's invoices, leaving $2,558,121.89 that is due and owing to SRF, with interest accrued

thereon.

## PARTIES

5.      SRF is a law firm, formed as a limited liability partnership organized under New York law.  SRF's principal place of business is located at 1185 Avenue of the Americas, New York, New York 10036.  On or about August 31, 2018, Sichenzia Ross Ference LLP became a successor in interest to Sichenzia Ross Ference Kesner LLP.

6.      Digital Power is a business corporation organized and existing under Delaware law, and maintains its principal place of business at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

7.      DPW is a foreign business corporation organized and existing under Delaware law, and maintains its principal place of business at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

8.      Upon information and belief, on or about December 28, 2017, Digital Power merged into DPW and the surviving corporation is DPW.

9.      Upon information and belief, on or about January 30, 2018, DPW formed Super Crypto, a wholly owned subsidiary of DPW.

10.      Super Crypto, now known as "Digital Farms", is a business corporation organized and existing under Delaware law, and maintains its principal place of business at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

## JURISDICTION AND VENUE

11.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, because Defendants' principal places of business are in a different state from SRF and because the value of the amount in controversy exceeds $75,000

12.    Venue is appropriate in this Court because SRF's principal place of business is located within the jurisdiction of the United States District Court for the Southern District of New York.  Specifically, SRF's principal place of business is situated in New York County in the State of New York.  Further, Defendants transacted business in this County, and SRF's retainer agreements, dated April 12, 2017, April 24, 2017, December 14, 2017, and December 3, 2018, provided for exclusive venue in this County as to any disputes arising thereunder.  Milton C. Ault, III, DPW's Chairman and Chief Executive Officer, would routinely travel from California to New York to meet with SRF attorneys to discuss the Matters, as defined below.

13.    Venue is also appropriate because Super Crypto availed itself of this County when it agreed in a March 8, 2018 Asset Purchase Agreement to be governed by New York law and to submit to the jurisdiction of New York, County of New York, which it subsequently did in a lawsuit filed in the United States District Court, Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

14.    SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

15.    On or about April 12, 2017 and April 24, 2017, Defendant Digital Power retained SRF to perform legal services for Defendant Digital Power in connection with the amendment and restatement of certain corporate documents and other matters (the "Digital Power Corporate Matter"), by retainer agreements dated April 12, 2017 and April 24, 2017, (the "Digital Power Retainer Agreement," a true and correct copy of which is annexed hereto as Exhibit A).

16.    Milton C. Ault III, in his capacity as Executive Chairman of Digital Power, executed the Retainer Agreement, and SRF commenced its representation of Defendants in the Digital Power Corporate Matter.

17.    Further, on or about December 14, 2017, Defendant Digital Power retained SRF to represent Digital Power and its subsidiaries and affiliated entities in connection with the amendment and restatement of the Certificate of Incorporation of Coolisys Technologies and other matters (the "Coolisys Matter"), by retainer agreement dated December 14, 2017, (the "Coolisys Retainer Agreement," a true and correct copy of which is annexed hereto as Exhibit B).

18.    Milton C. Ault III, in his capacity as Executive Chairman of Digital Power, executed the Retainer Agreement, and SRF commenced its representation of Defendants in the Coolisys Matter.

19.    As part of the Coolisys Matter, Defendants chose to engage SRF for a variety of additional matters, including the preparation of a preferred offering, tax analysis, preparation for an annual meeting and other spinoff matters (the "Additional Matters").  SRF billed the Additional Matters on an hourly basis.

20.    Further, on or about December 3, 2018, Defendant DPW and Defendant Super Crypto retained SRF to represent both parties in connection with a litigation (the "Blockchain Matter"), by retainer agreement dated December 3, 2018, (the "Blockchain Retainer Agreement," a true and correct copy of which is annexed hereto as Exhibit C).

21.    Milton C. Ault III, in his capacity as Executive Chairman of DPW Holdings, Inc., and Darren Magot, in his capacity as Chief Executive Officer and President of Super Crypto, executed the Retainer Agreement, and SRF commenced its representation of Defendants DPW and Super Crypto in the Blockchain Matter.

22.     The Digital Power Corporate Retainer Agreement, the Coolisys Retainer Agreement, and the Blockchain Retainer Agreement are collectively referred to as the "Retainer Agreements".

23.     The Digital Power Corporate Matter, the Coolisys Matter, the New Matters, the Additional Matters, and the Blockchain Matter are collectively referred to as the "Matters".

24.     Pursuant to the Retainer Agreements, SRF agreed to, *inter alia*, invoice Defendants on a monthly basis for its services rendered, and Defendants agreed to pay SRF on a monthly basis for those services.

25.     SRF zealously and competently represented Defendants' interests in the Matters.

26.     Defendant DPW acknowledged its satisfaction with SRF's representation by hiring two former SRF attorneys who worked on the majority of the Matters while employed by SRF, including promoting one of these former lawyers to the position of DPW's current Executive Vice President and General Counsel.

27.     Through November 13, 2019, SRF continued to provide legal services to Defendants in connection with the Matters pursuant to the Retainer Agreements.

28.     Pursuant to the Retainer Agreements, SRF timely and promptly submitted regular monthly invoices to Defendants for the services it had provided to Defendants in connection with the Matters, and Defendants agreed to pay SRF on a monthly basis for those services.

29.     SRF submitted to Defendants legal invoices totaling $4,471,918.15.

30.     Defendants paid SRF a total of $1,913,796.26 towards those invoices, without objection.

31.     Beginning in or about December 2017, Defendants fell into arrears on the payments due and owing to SRF.

32.     Between December 2017 and August 14, 2020, Defendants made partial payment towards the outstanding amount due and owing to SRF, but failed to pay the full amount due and owing to SRF.

33.     SRF sent Defendants account statements on or about May 23, 2018; June 20, 2018; July 18, 2018; October 3, 2018; October 30, 2018; November 12, 2018; December 19, 2018; February 5, 2019; March 5, 2019; April 5, 2019; April 24, 2019; May 13, 2019; June 10, 2019; July 16, 2019; August 14, 2019; September 27, 2019; October 16, 2019; November 7, 2019; December 6, 2019; January 14, 2020; February 12, 2020; March 10, 2020; April 20, 2020; May 14, 2020; June 10, 2020; July 10, 2020; August 14, 2020; September 9, 2020 (collectively, the "Account Statements", true and correct copies of which are annexed hereto as Exhibit D).

34.     Pursuant to the Retainer Agreements, any amount due and owing after the 15th of each month following the date of the statement shall incur interest at the rate of 1.5% per month on the amount due and owing.

35.     On October 16, 2019; November 7, 2019; December 6, 2019 and January 14, 2020; February 12, 2020; March 10, 2020; April 20, 2020; May 14, 2020; June 10, 2020; July 10, 2020; August 14, 2020; and September 9, 2020 SRF sent Defendants account statements reflecting the additional interest due to SRF (collectively the "Interest Statements", true and correct copies of which are annexed hereto as Exhibit E).

36.     As of September 9, 2020, Defendant owes SRF $2,558,121.89.

37.     Despite SRF's repeated demands for payment, Defendants have failed to make payments to SRF to satisfy the outstanding amounts due and owing.

38.     The Retainer Agreements are valid and binding contracts between Defendants and SRF.

39.     SRF fully performed its obligations under the Retainer Agreements.

40.     Defendants breached the Retainer Agreements by failing to pay the $2,558,121.89 due and owing to SRF.

41.     Accordingly, Defendants' breach of contract has damaged SRF in the amount of $2,558,121.89, together with interest accrued thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

42.     SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

43.     Beginning on or about April 12, 2017 and continuing through November 13, 2019, SRF provided legal services to Defendants for the Matters, which Defendants had expressly requested and acknowledged receiving.

44.     SRF provided the Account Statements and Interest Statements to Defendants.

45.     Defendants made partial payments of $1,913,796.26 on some of the Account Statements, without indicating their objection to the total account stated.  Defendants did not object to the Interest Statements.

46.     Defendants have a total outstanding balance due and owing to SRF in the amount of $2,558,121.89, and has not made any payments to satisfy the amount due and owing to SRF since on or about December 2017, as reflected in the Account Statements and Interest Statements.

47.     Defendants failed to pay the outstanding amount due and owing, despite SRF's repeated demands for payment.

48.     Defendants are indebted to SRF in the total amount of the account stated, of $2,558,121.89.

49.     Accordingly, SRF has sustained damages in the amount of $2,558,121.89, together with interest accrued thereon.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment)

50.     SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

51.     SRF duly performed a variety of legal services for Defendants in the Matters, as requested by Defendants pursuant to the Retainer Agreements, and as reflected in the Account Statements. The total fee for the Matters totaled $4,471,918.15; however, Defendants paid only $1,913,796.26 towards that fee.

52.     Defendants have benefited from the services that SRF rendered, and are indebted to SRF in the total amount of $2,558,121.89 for legal fees due and owing.

53.     Defendants have failed to pay $2,558,121.89 due and owing to SRF for its performance of legal services.

54.     In light of the benefit it has received, it would be against equity and good conscience to permit Defendants to retain the legal fees due and owing to SRF.

55.     Accordingly, Defendants have been unjustly enriched in the amount of $2,558,121.89 by its refusal to pay for the Matters, together with interest accrued thereon.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Quantum Meruit)

56.     SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

57.     Pursuant to the Retainer Agreements, Defendants retained SRF to provide legal services to Defendants.

58.     SRF rendered legal services to Defendants for the Matters.

59.     Defendants accepted and benefited from such legal services, with full knowledge that said services were being performed by SRF, and that SRF expected full payment in return for rendering its services.

60.     By performing such services, SRF had a reasonable expectation of being paid therefor, as reflected in the Account Statements and Interest Statements.

61.     Defendants have not paid the amount due and owing for legal services furnished by SRF, specifically $2,558,121.89.

62.     Accordingly, Defendants have obtained the benefit of SRF's legal services without full payment.

63.     By virtue of the foregoing conduct, Defendants are indebted to SRF in the total amount of $2,558,121.89, together with interest accrued thereon.

**WHEREFORE**, Plaintiff Sichenzia Ross Ference LLP as successor to Sichenzia Ross Ference Kesner LLP, demands judgment against Digital Power Corporation, DPW Holdings, Inc., and Super Crypto Mining, Inc. (now known as Digital Farms, Inc.) as follows: (i) in the amount of $2,558,121.89 on the First, Second, Third, and Fourth causes of action; (ii) interest owed thereon from September 18, 2020; and (iii) such other and further relief as the Court may decide is just, equitable and proper under the facts and circumstances of this case.

Dated:  New York, New York
        November 20, 2020

SICHENZIA ROSS FERENCE LLP as successor to
SICHENZIA ROSS FERENCE KESNER LLP

By: _____/s/ Thomas P. McEvoy_____ __
        Sameer Rastogi, Esq.
        Thomas P. McEvoy, Esq.

1185 Avenue of the Americas, 37th Floor
New York, New York 10036
(212) 930-9700

Appearing *Pro Se*