UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SICHENZIA ROSS FERENCE LLP as successor to:
SICHENZIA ROSS FERENCE KESNER LLP,                 :       Civil Action No. 1:20-cv-09811
                                                   :
                        Plaintiff,                 :       **AMENDED COMPLAINT**
                                                   :
        - against -                                :
                                                   :
DPW HOLDINGS, INC. as successor to DIGITAL         :
POWER CORPORATION                                  :
                                                   :
                        Defendant.                 :
---------------------------------------------------------------x

      Plaintiff Sichenzia Ross Ference LLP ("SRF") as successor to Sichenzia Ross Ference Kesner LLP ("SRFK") (SRF and SRFK are collectively referred to as "Plaintiff" or "SRF"), appearing *pro se*, as and for its Amended Complaint against DPW Holdings, Inc. ("DPW") as successor to Digital Power Corporation ("Digital Power") (DPW and Digital Power are collectively referred to as "Defendant"), alleges as follows:

## SUMMARY OF ACTION

    1.    This breach of contract action arises from Defendant's failure to pay SRF its attorneys' fees due and owing, incurred for SRF's legal representation of Defendant between in or about April 2017, continuing through in or about October 2019. SRF fully performed and satisfied all work requested by Defendant to adequately represent Defendant's interests.

    2.    During the more than two (2) years of its representation of Defendant, SRF regularly invoiced Defendant in accordance with agreements entered into between SRF and Defendant.

    3.    Defendant accepted the invoices submitted by SRF, made partial payments toward the balance due of approximately $1,883,217.15, and confirmed, in writing, that it would

continue to make payments towards the outstanding balance.

4. Defendant, however, has failed to remit the balance of payment sufficient to satisfy all of SRF's invoices, leaving $2,518,468.19 that is due and owing to SRF, with interest accrued thereon.

## PARTIES

5. SRF is a law firm and a limited liability partnership organized under New York law. SRF's principal place of business is located at 1185 Avenue of the Americas, 37th Floor, New York, New York 10036. On or about August 31, 2018, SRF became the successor firm to SRFK.

6. Pursuant to its Form 10-K filed with the United States Securities and Exchange Commission ("SEC") on November 18, 2020, DPW is a foreign business corporation organized and existing under Delaware law, and maintains its principal place of business at 201 Shipyard Way, Suite E, Newport Beach, California 92663.

7. Digital Power was a foreign business corporation organized and existing under California law. Pursuant to a Form 8-K filed with the SEC on December 29, 2017, on or about December 28, 2017, following approval by an annual meeting of Digital Power's Board of Directors, Digital Power merged with DPW and the surviving corporation was DPW.

## JURISDICTION AND VENUE

8. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332, because Defendant's principal places of business are in a different state from SRF and because the value of the amount in controversy exceeds $75,000

9. Venue is appropriate in this Court because SRF's principal place of business is located within the jurisdiction of the United States District Court for the Southern District of

New York. Specifically, SRF's principal place of business is situated in New York County in the State of New York. Further, Defendant transacted business in this County, and SRF's retainer agreements, dated April 7, 2017, April 24, 2017 and December 14, 2017, provide for exclusive venue in New York County, New York as to any disputes arising thereunder. Finally, Milton C. Ault, III ("Ault"), DPW's Chairman and Chief Executive Officer, would routinely travel from California to New York to meet with SRF attorneys to discuss the matters that are subject of this action for non-payment of fees

## BACKGROUND

10. SRF's professional relationship with Defendant began in or about April 2017.

11. Pursuant to retainer agreements dated April 7, 2017 and April 24, 2017, respectively, Defendant retained SRF to perform legal services for Defendant in connection with, *inter alia*, the preparation and closing of a share exchange agreement (the "Share Exchange Retainer Agreements" are annexed hereto as Exhibit A).

12. The Share Exchange Retainer Agreements provided the terms of Defendant's engagement of SRF, including, *inter alia*, the scope of SRF's legal services, the fees to be paid by Defendant in exchange for those services, and SRF's rate structure for each member of its legal staff.

13. The Share Exchange Retainer Agreements further disclosed that for those members of SRF's legal staff expected to work on Defendant's matters, the rate structure per hour is as follows: $150.00 for paralegals; $350.00 to $450.00 for associates; and $575.00 to $675.00 for partners and counsel.

14. Amos Kohn ("Kohn"), in his capacity as Chief Executive Officer of Digital Power, executed the Share Exchange Retainer Agreements on April 12, 2017 and April 24, 2017,

respectively, and SRF commenced its representation of Defendant pursuant to the Share Exchange Retainer Agreements.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

15. SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

16. After the Share Exchange Retainer Agreements, Defendant requested, and SRF agreed to perform, additional legal services for Defendant. SRF billed Defendant for these additional legal services consistent with the rate schedule contained in the Share Exchange Retainer Agreements.

17. On or about December 14, 2017, Defendant retained SRF to perform various legal services pursuant to a retainer agreement dated December 14, 2017 (the "Retainer Agreement" is annexed hereto as Exhibit B).

18. Under the Retainer Agreement, the legal services that SRF agreed to provide included, *inter alia*, the amendment and restatement of the Certificate of Incorporation of Coolisys Technologies, Inc. (Coolisys) and other corporate matters concerning Coolisys (the "Coolisys Matters").

19. Under the Retainer Agreement, SRF further agreed to perform legal services in connection with the preparation and filing of a registration statement with the SEC and to respond to all comment letters from the SEC until Defendant becomes a public, reporting company (the "Additional Matters").

20. Under the Retainer Agreement, SRF also agreed to perform legal services for Defendant for any work not part of the Coolisys Matters or the Additional Matters that

Defendant requested SRF to undertake (the "General Matters") (the Coolisys Matters, the Additional Matters and the General Matters are collectively referred to as the "Matters").

21. Pursuant to the Retainer Agreement, Defendant agreed to pay SRF at either an hourly rate or a fixed project rate fee for services SRF performed in connection with the Matters.

22. The Retainer Agreement disclosed that for those members of SRF's legal staff expected to work on Defendant's matters, the rate structure per hour is as follows: $150.00 for paralegals; $395.00 to $495.00 for associates; and $595.00 to $695.00 for partners and counsel.

23. Mr. Kohn, in his capacity as Chief Executive Officer of Digital Power, executed the Retainer Agreement on December 14, 2017, and SRF commenced its representation of Defendant in the Matters.

### A. The Coolisys Matters

24. Pursuant to the Retainer Agreement, Defendant agreed to pay SRF a flat rate of $180,000.00 in connection with the Coolisys Matters, payable as follows: $45,000.00 at the time of the signing of the Retainer Agreement; $45,000.00 within forty-five (45) days from December 14, 2017; $45,000.00 within ninety (90) days from December 14, 2017; and $45,000.00 from the earlier of one hundred twenty (120) days from December 14, 2017 or the closing of an asset purchase agreement involving Digital Power with which SRF was retained by Defendant to assist.

25. Throughout the Coolisys Matters, SRF zealously and competently represented Defendant's interests. In connection with its representation, SRF regularly communicated with Defendant regarding, *inter alia*, document drafts and filings and all material developments related to the Coolisys Matters.

26. Beginning in or about December 2017, and continuing through in or about April 2018, SRF provided legal services to Defendant in connection with the Coolisys Matters.

27. In accordance with the Retainer Agreement, SRF timely and promptly submitted account statements to Defendant for legal services that SRF performed in connection with the Coolisys Matters on or about December 20, 2017, January 18, 2018 and April 13, 2018 (the "Coolisys Matter Account Statements" are annexed hereto as Exhibit C).

28. From the outset, beginning in or about December 20, 2017, Defendant fell into arrears on its payments due and owing to SRF in connection with the Coolisys Matters.

29. As of April 13, 2018, Defendant owed a balance to SRF of $180,000.00 in connection with the Coolisys Matters.

30. SRF sent reminder account statements to Defendant concerning Defendant's balance due and owing to SRF concerning the Coolisys Matters beginning on or about October 16, 2019, and every month subsequent therefrom up until, and including, September 9, 2020, reflecting a total outstanding balance due and owing to SRF in the amount of $180,000.00 in connection with the Coolisys Matters.

31. Defendant breached the Retainer Agreement by failing to pay the $180,000.00 balance due and owing to SRF for the Coolysis Matter.

B. **The General Matters**

32. DPW requested, and SRF agreed to perform, additional legal services for Defendant pursuant to the rate schedule contained in the Retainer Agreement.

33. Throughout the General Matters, SRF zealously and competently represented Defendant's interests. In connection with its representation, SRF regularly communicated with

Defendant regarding, *inter alia*, document drafts and filings and all material developments related to the General Matters.

34. Defendant was so satisfied with the legal services that SRF performed on Defendant's behalf that it hired one of SRF's corporate partners and one of SRF's associates. SRF's former corporate partner assumed the position of Defendant's General Counsel in or about April 2019. It should be noted that these individuals performed legal services for Defendant on the Matters.

35. Beginning in or about December 2017, and continuing through in or about October 2019, SRF provided legal services to Defendant in connection with the General Matters.

36. Pursuant to the Retainer Agreement, SRF agreed, *inter alia*, to invoice Defendant on a monthly basis for its services rendered in connection with the General Matters and Defendant agreed to pay SRF on a monthly basis for those services.

37. In accordance with the Retainer Agreement, SRF timely and promptly submitted account statements to Defendant for legal services that SRF performed in connection with the various General Matters that Defendant asked SRF to undertake, which were denoted on those account statements as "General", "Proxy – 2018 Annual Meeting", "HCW Preferred Offering (Fixed Fee)", and "SCM Spinoff".

38. SRF performed legal services on the General Matters denoted "General" on the monthly account statements, beginning on or about April 12, 2017, and continuing until on or about October 17, 2019.

39. SRF performed legal services on the General Matters denoted "Proxy – 2018 Annual Meeting" beginning on or about April 17, 2018, and continuing until on or about February 12, 2019.

40. SRF performed legal services on the General Matters denoted "HCW Preferred Offering" on or about July 18, 2018.

41. SRF performed legal services on the General Matters denoted "SCM Spinoff" on or about December 4, 2018 and continuing until on or about March 14, 2019.

42. Pursuant to the Retainer Agreement, SRF submitted monthly account statements to Defendant for legal services that SRF performed in connection with the General Matters from on or about December 20, 2017 to on or about November 7, 2019 (the "General Matters Account Statements" are annexed hereto as Exhibit D).

43. Beginning as early as December 2017, Defendant began to fall in arrears on its payments due and owing to SRF in connection with the General Matters.

44. Pursuant to the Retainer Agreement, any amount due and owing after the 15th of each month following the date of the account statement shall incur interest at the rate of one-and-a-half percent (1.5%) per month on the amount due and owing.

45. After SRF stopped performing legal services for Defendant in connection with the General Matters, SRF continued to send reminder account statements to Defendant beginning on or about December 6, 2019 and every month subsequent therefrom up until, and including, September 9, 2020 reflecting the balance and accrued interest due and owing to SRF (the "Interest Account Statements" are annexed hereto as Exhibit E).

46. As of September 9, 2020, Defendant had an outstanding balance due and owing to SRF in connection with the General Matters in the total amount of $2,338,468.19.

47. Defendant unjustifiably breached the Retainer Agreement by failing to pay the $2,338,468.19 balance due and owing to SRF.

### C. Defendant's Breach of the Retainer Agreement

48. Defendant has an outstanding balance due and owing to SRF in connection with the Matters in the total amount of $2,518,468.19 ($180,000.00 in connection with the Coolisys Matter plus $2,338,468.19 in connection with the General Matters).

49. Despite SRF's repeated demands for payment, Defendant has failed to make payments to SRF to satisfy the outstanding amounts due and owing.

50. The Retainer Agreement is a valid and binding contract between Defendant and SRF.

51. SRF fully performed its obligations under the Retainer Agreement.

52. Defendant would routinely assure SRF that it would satisfy its outstanding legal invoices, thereby inducing SRF to continue to work on behalf of Defendant. In fact, by e-mail dated July 29, 2019 from Mr. Ault to Marc J. Ross, Esq. ("Ross"), a member of SRF, Mr. Ault stated that DPW would pay SRF $50,000.00 on a monthly basis in order to pay down Defendant's outstanding debt.

53. Mr. Ault, in his capacity as Chairman and Chief Executive Officer of Defendant, acknowledged that there was an outstanding balance due and owing to SRF, made no objection thereto, and agreed to make payments to SRF to satisfy Defendant's outstanding balance due and owing to SRF.

54. Defendant breached the Retainer Agreement by failing to pay the $2,518,468.19 due and owing to SRF.

55. Accordingly, Defendant's breach of contract has damaged SRF in the amount of $2,518,468.19, together with interest accrued thereon.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

56. SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

57. Pursuant to the Share Exchange Retainer Agreements and Retainer Agreement, beginning in or about April 2017, and continuing through in or about October 2019, SRF provided legal services to Defendant, which Defendant had expressly requested and acknowledged receiving.

58. SRF provided to Defendant the Coolisys Matter Account Statements, the General Matter Account Statements and Interest Account Statements (the Coolisys Matter Account Statements, the General Matter Account Statements and the Interest Account Statements are collectively referred to as the "Account Statements").

59. Defendant made partial payments toward the balance due of approximately $1,883,217.15 on some of the General Matter Account Statements, without indicating their objection to the total account stated. Defendant also did not object to the Coolisys Matter Account Statements or the Interest Account Statements.

60. Defendant has a total outstanding balance due and owing to SRF in the amount of $2,518,468.19, and has not made any further payments to satisfy the amount due and owing to SRF since on or about December 2017, as reflected in the Account Statements.

61. Mr. Ault, in his capacity as Chairman and Chief Executive Officer of Defendant, acknowledged that there was an outstanding balance due and owing to SRF, made no objection thereto, and agreed to make payments to SRF to satisfy Defendant's outstanding balance due and owing to SRF.

62. Defendant understood the outstanding balance due and owing to SRF, made no objection thereto, and agreed to make payments to SRF toward Defendant's outstanding balance due and owing to SRF.

63. Defendant has failed to pay the outstanding amount due and owing, despite SRF's repeated demands for payment.

64. Accordingly, Defendant is indebted to SRF in the total amount of the account stated, of $2,518,468.19.

## AS AND FOR A THIRD CAUSE OF ACTION
(Unjust Enrichment)

65. SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

66. SRF duly performed a variety of legal services for Defendant as requested by Defendant pursuant to the Share Exchange Retainer Agreements and Retainer Agreement and as reflected in the Account Statements.

67. SRF invoiced Defendant pursuant to the fee arrangement and rate structure as disclosed in the Share Exchange Retainer Agreements and the Retainer Agreement.

68. Defendant has failed to pay $2,518,468.19 due and owing to SRF for its performance of legal services and as reflected in the Account Statements.

69. Defendant is indebted to SRF in the total amount of $2,518,468.19 for legal fees due and owing.

70. Defendant retained SRF to perform legal services on its behalf and recognized its obligation to compensate SRF in exchange for those services.

71. Defendant has benefited from the services that SRF rendered in connection with the Matters and, therefore, is obligated to compensate SRF for such services.

72. In light of the benefit Defendant has received, and in the event that the Court does not deem any of the foregoing agreements to be applicable, it would be against equity and good conscience to permit Defendant to retain the benefit obtained without paying for the legal fees due and owing to SRF.

73. Accordingly, Defendant has been unjustly enriched in the amount of $2,518,468.19 by its refusal to pay for the legal services rendered by SRF, together with interest accrued thereon.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Quantum Meruit)

74. SRF repeats and re-alleges each allegation set forth above as if fully set forth herein.

75. Pursuant to the Share Exchange Retainer Agreements and Retainer Agreement, Defendant retained SRF to provide legal services to Defendant.

76. SRF rendered legal services to Defendant as requested by Defendant.

77. Defendant accepted and benefited from SRF's legal services, with full knowledge that said services were being performed by SRF, and that SRF expected full payment in return for rendering its services.

78. By performing such services, SRF had a reasonable expectation of being paid therefor, as reflected in the Account Statements.

79. In connection with the Matters, SRF invoiced Defendant pursuant to the fee arrangement and rate structure as disclosed in the Share Exchange Retainer Agreements and the Retainer Agreement.

80. Defendant has not paid the amount due and owing for legal services furnished by SRF, totaling $2,518,468.19, together with interest thereon.

81. Defendant retained SRF to perform legal services on its behalf and recognized its obligation to compensate SRF in exchange for those services.

82. Defendant has benefited from the services that SRF rendered in connection with the Matters and, therefore, is obligated to compensate SRF for such services.

83. Accordingly, Defendant has obtained the benefit of SRF's legal services without full payment.

84. Accordingly, and in the event that the Court does not deem any of the foregoing agreements to be applicable, Defendant is indebted to SRF in the total amount of $2,518,468.19, together with interest accrued thereon.

**WHEREFORE**, Plaintiff Sichenzia Ross Ference LLP as successor to Sichenzia Ross Ference Kesner LLP, demands judgment against DPW Holdings, Inc. ("DPW") as successor to Digital Power Corporation as follows: (i) in the amount of $2,518,468.19 on the First, Second, Third, and Fourth causes of action; (ii) interest owed thereon from September 9, 2020; and (iii) such other and further relief as the Court may decide is just, equitable and proper under the facts and circumstances of this case.

Dated: New York, New York
January 25, 2021

SICHENZIA ROSS FERENCE LLP as successor to
SICHENZIA ROSS FERENCE KESNER LLP

By: /s/ Sameer Rastogi
Sameer Rastogi, Esq.
Thomas P. McEvoy
1185 Avenue of the Americas, 37th Floor
New York, New York 10036
(212) 930-9700

Appearing *Pro Se*